IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIN JENNINGS,

                         Plaintiff,

    v.

JEREMY HATFIELD and JACKSON BOLLIG,

                         Defendants.

ORDER

24-cv-220-jdp

---

Plaintiff Kristin Jennings, proceeding without counsel, alleges that defendant Village of Oregon police officers violated her rights under state and federal law during an arrest and subsequent prosecution for resisting arrest. I previously granted Jennings's motion to amend her complaint in part, allowing her to add malicious prosecution and intentional-infliction-of-emotional-distress claims regarding what she contends was a baseless prosecution for resisting arrest. Dkt. 56. This order concerns defendants' motions to amend the schedule following the addition of these new claims, and their motion to seal body camera footage.

In granting Jennings's motion to amend her complaint to add new claims, I amended the schedule to give defendants a short time to supplement their previously filed summary judgment materials with supplemental materials concerning Jennings's new claims. *Id.* at 5. Defendants have filed a series of motions asking for more time to take discovery and make their filings, stating in particular that Jennings failed to respond to defendants' motion to compel her appearance at a deposition, Dkt. 42, and that defendants' lead counsel has left the firm representing the village. Dkt. 60; Dkt. 62; Dkt. 65. Defendants say that Jennings does not oppose the request. *See* Dkt. 63-1. I will grant defendants' request. Because this further extension will make the September 22 trial date impossible, I will strike the entire current

schedule and set the case for a scheduling conference before Magistrate Judge Anita Marie Boor.

As for defendants' motion to compel Jennings's appearance at a deposition, Jennings did not respond to this motion by the deadline I previously set, but she did respond directly to defendants on this issue in a letter addressing their motions to amend the schedule addressing that issue. *Id.* In that letter, Jennings states that she failed to earlier respond because of anxiety that she says is caused by the underling incident with the police, and she proposes options such as Zoom or "a neutral location or court-supervised setting" to take her deposition. *Id.*

I must make clear to Jennings that it is her responsibility to respond to defendants' discovery requests and otherwise follow the Federal Rules of Civil Procedure and this court's preliminary pretrial conference order and other orders setting forth her obligations and deadlines. It was Jennings's choice to bring this lawsuit; if she is unwilling to fulfill her obligations, I will consider dismissing the case with prejudice, meaning that she would not be able to refile it at a later time. I will grant defendants' motion to compel Jennings's appearance for a deposition. Magistrate Judge Boor will work out the details of that deposition at the scheduling conference; Jennings can raise her specific concerns then.

Defendants also move to seal one of their exhibits containing unredacted police bodycam footage because it includes depictions of two minors and recordings of Jennings's medical care. Dkt. 50. I will grant that motion but note that any material that is ultimately relevant at summary judgment or trial will have to be included in a redacted version of the footage.

ORDER

IT IS ORDERED that:

1. Defendants' motions to amend the schedule, Dkt. 60; Dkt. 62; Dkt. 65, are GRANTED. The current schedule is STRUCK.

2. The clerk of court is directed to schedule a conference before Magistrate Judge Anita Marie Boor to reset the schedule.

3. Defendants' motion to compel plaintiff's appearance at a deposition, Dkt. 42, is GRANTED.

4. Defendants' motion to seal video footage, Dkt. 50, is GRANTED.

Entered June 26, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge