IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIN JENNINGS,

                Plaintiff,

v.                                                  ORDER

JEREMY HATFIELD                          24-cv-220-jdp
and JACKSON BOLLIG,

                Defendants.

---

Plaintiff Kristin Jennings alleges that defendant police officers violated her rights under state and federal law during an arrest and subsequent prosecution for resisting arrest. The court held a telephonic status conference with the parties on September 22, 2025 to address ongoing discovery issues as raised in defendants' motion to compel.[1] Dkt. 70. Plaintiff is representing herself and appeared without an attorney. Defendants were represented by Attorney Kyle Engelke.

Defendants seek medical and financial discovery and a protective order, arguing that plaintiff has placed her physical and emotional condition at issue by seeking damages for physical injuries, psychological and emotional distress, and loss of wages. Plaintiff objects to the scope of defendants' requests. This order memorializes the court's rulings at the conference on the following issues:

---

[1] Defendants have also filed a motion for summary judgment. Dkt. 45. That motion will be decided by the presiding judge in a separate order after it is fully briefed.

**A. Defendants' request for a protective order**

The court began with defendants' request for a protective order. The court reviewed the proposed revised protective order docketed at Dkt. 71-8 with the parties, and plaintiff agreed that it addressed her concerns as revised. Accordingly, the court ADOPTED that proposed order as its own with immediate effect.

**B. Medical authorization form**

Defendants requested an order compelling plaintiff to sign the medical authorization form docketed at Dkt. 71-2. Plaintiff objected to the scope of the disclosure as too broad and burdensome, expressed concerns about maintaining her privacy, and argued that certain medical records defendants request are irrelevant.

The court OVERRULED plaintiff's objections in part. For the reasons discussed, defendants are entitled to some information predating the incident at issue in this case because plaintiff claims that the incident exacerbated preexisting conditions. Defendants are entitled to explore this area and develop defenses as to causation. Defendants proposed a two-year look back, which the court found reasonable under the circumstances. Defendants are also entitled to disclosure of plaintiff's physical and mental health records because plaintiff put these topics at issue, but the language authorizing disclosure of plaintiff's alcohol, drug, developmental disability, HIV, AIDS, and AIDS-related illness testing and treatment records is too broad. Dkt. 71-2 at 2. Defendants may revisit this issue should any of plaintiff's claims survive summary judgment.

The court did not require revisions to the language authorizing the disclosure of plaintiff's mental health records. That is because plaintiff's emotional damages claims appear to be beyond the scope of the "garden variety" limit. *See McGlenn v. Madison Metro. Sch. Dist.*,

2

Case No. 21-cv-683-jdp, 2024 WL 359107, at *4 (W.D. Wis. Jan 31, 2024) (defining "garden variety emotional distress" and noting that if "a plaintiff's distress falls within that range, that plaintiff will not waive her privilege" in her mental health treatment). Plaintiff claims specific psychological symptoms and conditions as a result of defendants' alleged conduct, including post-traumatic stress disorder, agoraphobia, a panic disorder, depression, anxiety, claustrophobia, and anorexia, as well as emotional harms, Dkt. 71-3 at 5–8, and seeks damages for "[l]ifelong treatment for PTSD" and anxiety, *id.* at 20, among other alleged injuries.

"[I]t would be unfair to allow the plaintiff to seek damages for that distress without allowing the defendant to obtain discovery that could undermine the claim." *McGlenn*, 2024 WL 359107 at *3; *see Flowers v. Owens*, 274 F.R.D. 218, 225 (N.D. Ill. 2011) ("[O]ne cannot use a privilege as both a sword and a shield."). In light of plaintiff's claims of specific psychological harms, defendants' request to review plaintiff's mental health records reaching back two years before her arrest is a proportional request for relevant records that is not unduly burdensome on plaintiff given that defendants will obtain the records from plaintiff's providers.[2] *See* Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defendant and proportional to the needs of the case").

Defendants are ORDERED to send plaintiff a revised version of the authorization form by September 23, 2025, and plaintiff may sign and return it by October 7, 2025. The court explained to plaintiff, as is its practice, that it will not order plaintiff to disclose any of her

---

[2] As the court explained to plaintiff in response to her privacy concerns, discoverable materials are not necessarily admissible—whether information is admissible in evidence is a separate question. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

confidential medical information if she chooses not to. But the court warned plaintiff that her refusal to disclose information that defendants must have an opportunity to review to adequately defend this case will have consequences, including possible dismissal.

**C. Supplementation of responses to certain interrogatories and requests for production**

Defendants also requested an order requiring plaintiff to supplement her responses to Interrogatories Nos. 1–8 & 11–12 and Requests for Production Nos. 1–2 & 5–9. Plaintiff generally agreed that she would supplement as requested after she had additional time to review the medical records discussed above. At the conference, defendants' counsel noted that disclosure of plaintiff's health care providers was most pressing, so the court ORDERED plaintiff to respond to a revised version of Interrogatory No. 6 by October 7, 2025. *See* Dkt. 71-1 at 7. The court required the interrogatory to be revised to seek only two years of information, to coincide with the authorization discussed above, rather than five years.

All other supplementation must be completed and served on defendants by November 24, 2025.

**D. Fees and costs under Rule 37(a)(5)(A)**

Defendants requested reasonable fees and costs associated with litigating their motion to compel. The court DENIES the request at this time but will revisit the issue if it ever becomes evident as this case proceeds that the parties are no longer working together in good faith.

**E. The case schedule**

Finally, the court declined to set the remainder of the case schedule to afford the parties the opportunity to continue working through their discovery issues and to complete their supplemental summary judgment materials.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel, Dkt. 70, is GRANTED in part as follows:

    a. The court ADOPTED the revised protective order docketed at Dkt. 71-8 as its own order with immediate effect.

    b. Defendants are ORDERED to send plaintiff a revised medical authorization form by September 23, 2025, for her to sign and return no later than October 7, 2025. If plaintiff decides not to disclose discoverable medical records, her claims may be dismissed.

    c. Plaintiff is ORDERED to respond to the revised Interrogatory No. 6 by October 7, 2025. All other supplementation must be completed and served on defendants by November 24, 2025.

    d. Defendants' request for fees and costs is DENIED without prejudice.

Entered September 23, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge