IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIN JENNINGS,

                Plaintiff,

v.

JEREMY HATFIELD and JACKSON BOLLIG,

                Defendants.

ORDER

24-cv-220-jdp

---

    Plaintiff Kristin Jennings, proceeding without counsel, alleges that defendant police officers violated her rights under state and federal law during an arrest and subsequent prosecution for resisting arrest. This order concerns continued delays in briefing defendants' summary judgment motion.

    Defendants moved for summary judgment on Jennings's excessive force and assault-and-battery claims that were part of her original complaint. Dkt. 45. Jennings then moved to amend her complaint; I granted that motion in part and allowed her to add malicious prosecution and intentional-infliction-of-emotional-distress claims. Dkt. 56. I amended the schedule to give defendants a chance to supplement their previously filed summary judgment materials with supplemental materials concerning Jennings's new claims. *Id.* at 5. But defendants state that they have been unable to do so because Jennings has failed to properly complete discovery. The court granted defendants' motion to compel Jennings's appearance at a deposition, set a new summary judgment briefing schedule, and granted in large part defendants' motion to compel discovery. Dkt. 67; Dkt. 69; Dkt. 74.

    Defendants now again move to compel Jennings to fully respond to their discovery requests, in particular their requests for authorization to release medical records and

employment records given Jennings's claims for emotional damages and lost wages. Dkt. 76. They also move to stay the summary judgment briefing schedule pending resolution of the motion to compel. Dkt. 77; Dkt. 80.

I will set briefing on the motion to compel. Magistrate Judge Boor (who ruled on defendants' previous motion to compel) will take up the new motion after it is briefed. I will grant defendants' motion to stay the summary judgment briefing schedule to accommodate resolution of discovery issues. I will deny defendants' initial motion for summary judgment without prejudice to them filing a complete motion after the discovery issues are resolved.

I will also warn Jennings that if Magistrate Judge Boor grants any portion of defendants' new motion to compel, she will be required to disclose the information that the court compels her to. I have already reminded her once that it is her responsibility to respond to defendants' discovery requests and otherwise follow the Federal Rules of Civil Procedure and this court's orders setting forth her obligations and deadlines. Dkt. 67, at 2. If she continues to fail to fulfill her obligations, I will consider dismissing the case with prejudice, meaning that she would not be able to refile it at a later time.

ORDER

IT IS ORDERED that:

1. Plaintiff may have until February 12, 2026, to respond to defendants' second motion to compel, Dkt. 76. Defendants may have until February 19, 2026, to reply.

2. Defendants' motion to stay the briefing schedule on their supplemental summary judgment materials, Dkt. 77; Dkt. 80, is GRANTED.

3. Defendants' motion for summary judgment, Dkt. 45, is DENIED without prejudice.

Entered January 29, 2026.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge