IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTIN JENNINGS,

                Plaintiff,

v.                                                OPINION and ORDER

JEREMY HATFIELD                                   24-cv-220-jdp
and JACKSON BOLLIG,

                Defendants.

---

    Defendants have filed a second motion to compel. Dkt. 76. The motion seeks two categories of information.

    First, defendants ask the court to order plaintiff to re-do her medical authorizations. Plaintiff reportedly signed certain medical authorizations, but they were not accepted by medical providers after a review of the signatures. Defendants now ask for plaintiff to re-do the authorizations with a notary. Plaintiff objects, saying this is unduly burdensome. The court overrules this objection. Having a document notarized is a simple, quick, and inexpensive activity that can be completed at various places around the community, including banks. This is not such an onerous chore that it poses an undue burden. So, the court GRANTS this portion of the motion, along the same lines that it granted the first motion to compel: The court will not order plaintiff to produce her medical records or sign authorizations to that effect. But this is plaintiff's case to prosecute, and defendants are entitled to discovery to defend against it. If plaintiff obstructs relevant discovery, there will be consequences, including, possibly, dismissal. Plaintiff is thus ORDERED to either (1) provide defendants with notarized, signed medical authorizations or (2) file a letter with the court stating that she

has declined to do so, within two weeks of this order. Defendants may then seek further relief, as appropriate.

Second, defendants ask the court to order plaintiff to provide authorizations for employment and financial information and to answer discovery requests on financial matters. The impetus for these requests is that plaintiff appears to assert a claim for lost wages, and defendants wish to investigate that claim. Plaintiff objects, saying her claims focus on incident conduct and non-economic harm. She also suggests she is not receiving employment or disability benefits, which she argues negates the inquiry.

Plaintiff's positions on these points are muddled, which is why discovery is appropriate. If plaintiff is not seeking compensatory damages, that may render this discovery irrelevant, but she needs to make that clear. If she is seeking compensatory damages, defendants do not need to take her at her word about her past and present employment and earnings. They are entitled to records to verify her assertions. If plaintiff is seeking lost wages, her past and present employment and earnings are relevant because these may bolster or undermine what she now claims she has lost due to defendants' actions. Likewise, her receipt of benefits is relevant because such benefits may offset her claimed losses.

Again, defendants are entitled to discovery to defend against plaintiff's claims, and if plaintiff obstructs relevant discovery there will be consequences. For example, if she persists in a claim for compensatory damages and does not provide information about her employment or finances, the court may prevent her from seeking these damages as the case goes forward. With these points in mind, the court GRANTS this additional portion of the motion as follows: Plaintiff is ORDERED to (1) file a letter with the court plainly stating whether she is pursuing compensatory damages, such as lost wages, within two weeks of this order and (2) if she is

pursuing some form of compensatory damages, she must provide defendants with the requested employment and financial authorizations and complete the related discovery responses within four weeks of this order.

The court will reserve on the question of shifting fees and costs until after it hears from plaintiff. It will reset the deadlines for summary judgment briefing at that time as well.

SO ORDERED.

Entered March 6, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge